BULLARD, respondent, *v.* GILETTE, appellant.

PLEADING—*failure to deny complaint.* The material allegations of the complaint are admitted if the answer does not deny them.

UNDERTAKING ON APPEAL—*liability of sureties — defense to action.* If the sureties in a written undertaking on appeal agree to pay a judgment that has been rendered in the district court, if the same should be affirmed by the supreme court of the Territory, an action can be brought against one of the sureties when the judgment has been so affirmed; and in this action, the facts that an appeal has been properly taken from the supreme court of the Territory to the supreme court of the United States, and that proceedings have been legally stayed on the judgment, do not constitute a defense.

REMEDY—*undertaking—judgment.* A creditor can pursue one or both of his remedies by a suit on the undertaking or an execution on the judgment.

*Appeal from the Third District, Lewis and Clarke County.*

IN March, 1872, the court, WADE, J., entered judgment for Bullard on the pleadings. The facts appear in the opinion.

CHUMASERO & CHADWICK, for appellant.

No action could be commenced on the undertaking on appeal from the district court to the supreme court, until the appeal from the supreme court of the Territory to the supreme court of the United States had been finally determined, and a mandate had been transmitted from the supreme court of the United States to the supreme court of the Territory.

The motion for judgment was made on the pleadings, and thereby concedes the facts in the complaint and answer to be true. It is admitted that a supersedeas was granted and all proceedings on the judgment were stayed until the supreme court of the United States determined the appeal, and that no mandate was ever sent to the supreme court of the Territory. Respondent had no right to bring his action on the undertaking sued on. Appellant is thereby deprived of the remedy of appeal given by the organic act and the judiciary act of 1789. Organic Act, § 9 ; 1 Brightly's Dig. 257, 258 ; Judiciary Act, §§ 2, 3.

If respondent can proceed on the undertaking, how does the supersedeas protect appellant? If the respondent collects the money, and the judgment is reversed by the supreme court of the United States, what is the remedy of appellant? If respondent has removed or is insolvent, appellant would be remediless. This cannot be the law.

The New York cases referred to by respondent are not applicable. The New York Code providing for appeals is different from the judiciary act of 1789.

No decision can be found that will support the judgment in this case.

W. F. SANDERS, for respondent.

The undertaking sued on is an agreement to pay money on the happening of a specified contingency. It is a bond with a condition. If the contingency has happened, the agreement to pay has become absolute.

The answer denies nothing in the complaint, and confesses all. Appellant admits that the judgment is in full force, unreversed.

A further appeal is no defense. The liability of appellant is on his bond, which is the measure of his liability. It does not stipulate that he shall not pay if there is a further appeal. The answer does not allege that the appeal was yet pending or the judgment reversed. *Caldwell* v. *Gans, post,* 570.

The remedies on bond and judgment are independent. *Many* v. *Sizer,* 6 Gray, 141.

MURPHY, J. This is an action brought by the plaintiff, as trustee of an express trust, against the defendant, as one of the sureties on an undertaking on appeal, for the recovery of the balance due on a judgment rendered by the district court of the third judicial district, in the case of *Charles W. Marden* v. *George Plaisted and R. R. Wheelock.*

From that judgment the defendants took an appeal to the supreme court of the Territory, for which the defendant in this action executed the undertaking sued upon.

On the hearing in the appellate court, at the December term, 1868, the judgment below was affirmed, and a further appeal taken to the supreme court of the United States.

In January last the present suit on the undertaking was instituted, and in March last the case was heard upon plaintiff's motion for judgment upon the pleadings, on the ground that the answer set up no defense to the cause of action, the motion sustained and judgment rendered accordingly in favor of plaintiff for $4,325.16, to which defendant excepted and has appealed to this court. And the only question for our consideration is, whether or not the answer is a valid defense.

The complaint, among other things, alleges the execution, delivery and filing of said undertaking, "wherein and whereby the said Gilette and Nowlan, for the consideration aforesaid, did severally undertake and promise and acknowledge themselves severally bound in the sum of $6,500, that if the said judgment of said district court so appealed from, or any part thereof, should be affirmed, the said Plaisted and Wheelock should pay the amount directed to be paid thereby, or the part of such amount as to which the same should be affirmed, if affirmed only in part, and all damages and costs which should be awarded against said appellants upon the appeal."

And it also alleges the affirmance of the judgment of the court below by the appellate court, at the December term, 1868, and that the same "yet remains of record in said court, in full force, unreversed and wholly unsatisfied," except as to the amount of $679, collected by execution and credited upon it.

And it further alleges the sale, assignment and transfer in writing, by said Marden, of "the judgment aforesaid, with his interest in the undertaking aforesaid, and all moneys due or to become due thereon," to one Hill, from him to one Charles W. Marden and wife, and from them to the plaintiff, expressly in trust, to secure an indebtedness from them to one Woolfolk, and the acceptance and holding of said

last-named assignment by said plaintiff in trust as aforesaid.

The answer does not deny these allegations, but sets up in defense the following facts, to wit:

1. The appeal of Plaisted and Wheelock from the judgment of the supreme court of the Territory to the supreme court of the United States.

2. The execution of a proper bond on said appeal.

3. The stay of proceedings on said judgment, and the granting of a supersedeas by the first appellate court.

4. The issuance of no mandate or remittitur from the last to the first appellate court, nor from that to the said district court.

5. The remaining of said judgment in this court, stayed by the order of the court, by the bond on appeal and by the supersedeas, and the want of jurisdiction of said district court.

Now, do these facts constitute a sufficient defense or bar to the action?

As will appear from what has already been shown, the answer, by failing to deny, under our system of pleading, for the purposes of the action, thereby admits all the material allegations of the complaint, and upon which the cause of action is founded, but seeks to avoid or destroy their legal effect by interposing and setting up another and different state of facts.

It purports to be a confession and avoidance, or in the nature of such, yet, while it confesses every thing necessary to a recovery, does it in fact avoid any thing?

Notwithstanding the averment of appeal to the supreme court of the United States, it admits the judgment, for the payment of which the undertaking was entered into, to be still "in full force and unreversed."

And, although it avers that no mandate or remittitur has been issued to the courts below, yet, it fails to allege that said appeal is still pending, or that the case has been reversed.

If a further appeal is a defense at all, it must be a com-

plete defense, and every fact necessary to make it such must be averred.

But can it be a sufficient defense in this case? The defendant must stand or fall by this bond he has voluntarily executed.

The obligation to pay grows out of the term of the undertaking itself, and it alone must be the measure of the defendant's liability.

It is nowhere agreed, that in case of a further appeal, he shall not pay, nor does it show, or can it be inferred, that any such thing was ever contemplated, or if so, was in any way intended to affect the obligation.

From an examination of the undertaking, as recited by the complaint, it is found to be an express agreement to pay money on the happening of a particular event therein specified.

The obligation depends upon a certain contingency, and must be interpreted by the same rules of law as govern the construction of a bond with a condition affixed.

The condition here is to pay, if the judgment below should be affirmed above.

The judgment was affirmed, the payment has not been made, and the condition is broken.

The contingency no longer exists, the event upon which it depended has transpired, and the failure to perform the stipulation is a breach of the contract.

Therefore, the liability of the defendant has attached, and the agreement to pay has become absolute.

And as the right of action on a bond or undertaking, and an execution on the judgment are independent remedies, and the one is not a substitution for the other, and the creditor may pursue either or both at his election (6 Gray, 141), this action was properly commenced, and the court had jurisdiction of the case.

*Judgment affirmed.*